In the matter of JOHN WOODWARD, Gent. one of the Counsellors, &c.

ON an affidavit presented to the court, at the last term, stating, that it was generally reported, and that the defendant believed, that Mr. *Woodward* was practising in the county of *Columbia*, as an attorney of this court, in the name of *William Miller*, Esq. one of the attornies of the court ; and that his name was so used in the case of *Jackson, ex dem. Livingston*, v. *Sutherland*, then before the court, a rule was granted against *Woodward*, to show cause at this term, why an attachment should not issue against him.

It appeared that *Woodward* was only a counsellor of the court, and not an attorney, and resided at *Hudson;* and that *Miller* resided at a place called *Johnstown*, about 9 miles from *Hudson*, where he keeps an office, and practises as an attorney and counsellor of this court.

A partnership may exist between a counsellor and an attorney, in their professional business, but the attorney must have the sole and entire superintendance of the attorney's business, for which he is responsible ; and no person, on the ground of the partnership, can take any part in the conduct of the suit, whose office is in a different place from that of the attorney.

*T. A. Emmet*, in behalf of *Woodward*, objected, that the affidavit on which the rule was obtained at the last term, was insufficient. It stated no fact, but merely the belief of the deponent ; and was, in every respect, too loose, to oblige the party complained of to be called on to answer.

In the case of the *King* v. *Willett*,\* on a motion for leave to file an information, the court of *King's Bench* said, that

\* 6 *Term. Rep.* 294.

they would not grant such a motion but on legal evidence, and such as would support a bill of indictment ; that if they were to grant a rule to show cause why an information should not be filed, it would be calling on the party either to give evidence against himself, or leaving the rule to be made absolute on an affidavit which was not legal evidence.

If there was any offence charged, in the present case, it was against the statute concerning counsellors and attornies ;* by the sixth section of which, it is provided, that if any attorney shall knowingly permit any other person to sue out a writ, or prosecute or defend a suit in his name, the attorney and such person should each forfeit the sum of 50 dollars.  An attachment will not lie in such a case, where a penalty is given by statute.† An attachment is never granted where there is another remedy, unless that remedy be difficult to obtain.‡

*Emmet* observed, that though he considered these objections as sufficient, yet, as the charge would be fully and satisfactorily answered, he should proceed to show cause. He then read several affidavits, from which it appeared, that on the 5th *October*, 1808, Mr. *Woodward* and Mr. *Miller* entered into articles of copartnership, as to their professional business, by which it was agreed, that *Miller* should transact all the attorney's business accruing in the office occupied by *Woodward*, and sign all process, papers, and proceedings in the Supreme Court ; and that *Woodward* should attend to all the counsel business of the office ; that the attorney's business should be under the exclusive direction of *Miller*, and the counsel business under that of *Woodward ;* and that such should be the case, should they hereafter find it necessary to have two offices ; and that the clerks and students should be under the direction of *Miller*. It appeared also, that *Woodward* resided and kept his office at *Hudson*, and that *Miller* resided in the town of *Livingston*, but was in the habit of attending at the office in *Hud-*

* *Laws*, vol. 1.
p. 221. 24 sess.
c. 32.

† *Barnes*, 27.

‡ 1 *Comyn's
Dig.* 585. Attorney. (A. 3.)

*son* to give the necessary directions in the attorney's business.

The affidavits contained other facts (which it is unnecessary to state) exculpating the party from any actual or intentional disregard to the practice and rules of the court, or evasion of the statute.

*Per Curiam.* It appears from the affidavits which have been read, that Mr. *Miller* was employed as an attorney by *Sutherland*, the defendant, in the suit brought against him by Mr. *Livingston*, and that Mr. *Woodward* was employed merely as counsel, and that this was so understood by all the parties ; and that the first application to defend the suit was made to Mr. *Miller*. We think sufficient cause has been shown against the rule, from which Mr. *Woodward* must, therefore, be discharged ; but the court take this occasion to observe, that if any attorney of this court takes a counsellor into partnership, who is not an attorney, that the attorney must have the whole and exclusive charge and superintendance of the attorney's business, for which he is responsible, so that no person can take any part in the conduct of the suit, on the ground of the partnership, whose office is kept at a different place from that of the attorney.

Rule discharged.